35 C.C.P.A.(Patents)
### In re JUDEFIND.
### Patent Appeals No. 5328.

Court of Customs and Patent Appeals.
June 17, 1947.

Rehearing Denied Sept. 29, 1947.

Semmes, Keegin, Robinson & Semmes, of Washington, D. C. (Harry H. Semmes and Irvin S. Thompson, both of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before BLAND, Acting Presiding Judge, and HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Acting Presiding Judge.

Appellant appealed to the Board of Appeals of the United States Patent Office from the decision of the Primary Examiner rejecting all the claims, 4, 7, 8, 9, 10, 13 to 17, inclusive, in his application for a patent relating to a process of controlling the absorptive property of gel for want of invention over the prior art. The board affirmed the action of the examiner, and appellant has appealed here.

Claim 4 is illustrative and reads: "4. In the production of a highly absorbent silica gel in which a hydrogel is formed as an intermediate product, the step of washing the hydrogel with water having a pH value between about 3.8 and about 5.8."

The references relied upon are: British Patent 255,863 March 10, 1927; Johnson (Brit.) 270,040 May 5, 1927; Connolly et al. 1,900,859 March 7, 1933; Handbook of Chemistry and Physics, 16th Ed., page 573. Chemical Rubber Pub. Co.

The claims all relate to the production of a highly absorbent silica gel in which a hydrogel is formed as an intermediate product and the claims consist of the step of washing hydrogel with acidulated water. The differences in the claims are shown tersely and correctly by the following, quoted from appellant's brief:

"All of the claims are limited to the washing of a silica hydrogel with water having a pH value between about 3.8 and

580

about 5.8, or a pH value between about 3.8 and about 4.5.

"Claim 4 is limited to the pH range of 3.8 to 5.8.

"Claim 9 is limited to the narrower pH range of 3.8 to 4.5.

"Claim 7 is limited to the pH range of 3.8 to 5.8 and a temperature range of 140° F. to 160° F.

"Claim 8 is limited to the pH range of 3.8 to 5.8 and a temperature range of about 150°F.

"Claim 10 is restricted to the pH range of 3.8 to 4.5 and the temperature range of 140° F. to 160° F.

"Claim 13 is similar to claim 4 but is more specific in specifying that the washing is effected for a period of 36 to 48 hours.

"Claim 14 is limited to the washing of a hydrogel with water having a pH value between about 3.8 and about 5.8 and a temperature range from about 140° F. to 160° F. for a period of about 36 to 48 hours.

"Claim 15 is similar to Claim 14 but is limited to a specific time of about 45 hours.

"Claim 16 is somewhat similar to Claim 10 but is further limited to the washing being over a period of time of about 36 to 48 hours.

"Claim 17 is somewhat similar to Claim 16 but is limited to the specific time of about 45 hours."

The silica gel which is involved here is largely used for the purpose of absorbing moisture and is found advantageous as a moisture absorbent, particularly in overseas shipment of articles having metal parts (so as to avoid corrosion) or elsewhere where the absorption of moisture is desired.

The gist of the alleged invention seems to be in controlling the pore size of the gel. Apparently if small pores are produced the absorptive properties of the product will be increased. Whether small pores or wide pores are the most desirable for water absorption is not shown by the record. The Solicitor for the Patent Office states that "the small pored gel is the highly absorbent gel," and the examiner seemed to think that small pores were the most desirable.

Appellant's alleged invention is to wash the silica gel with water having a pH value between about 3.8 and 5.8 or a pH value between 3.8 and 4.5. Appellant urges that the particular pH value of the water is critical and submits a table to show that in cases where the humidity is 40% the absorptive qualities of the resulting product, when washed with water such as is specified in the claims and when the water is at a certain temperature and when the operation is carried on for a stated length of time, are greatly improved, particularly as in the experiments where the pH value was reduced to about 3.8 to 4.5.

The patent to Connally is in the same art as appellant's alleged invention, and the patentee states: "The principal feature of the present invention is the discovery that the temperature of the wash liquid controls the apparent density of the final product, that is, whether it is a wide or narrow pore gel or has pores of an intermediate size. * * * the hydrogel is washed from 36 to 48 hours with water at a temperature of 125° F. to 160° F., preferably about 150° F."

British patent No. 255,863 relates to improvements in the manufacture and production of active colloids. This patent states that where "very small porous products" are desired "it is advantageous to wash the jelly or jelly-like precipitate only until the impurities for the greater part are removed." The patent also states that the jelly is "washed * * * with distilled or purified water preferably containing a small quantity of an acid."

The British patent to Johnson relates to the manufacture and production of active silica where a sol is used which shows "neutral, or better, acid reaction with methyl-orange." This patent states: "when the jelly is washed with distilled or slightly acid water * * * fine porous products are obtained."

The Handbook of Chemistry and Physics was cited by the examiner to show that methyl-orange is active as an indicator in the pH range of 3.1 to 4.4.

It is seen from the foregoing that, prior to appellant's activities, the art was well advised as to the method of controlling the

size of the pores in producing silica gel and that where it is desirable that a gel with pores of suitable size to absorb the greatest amount of moisture be produced the teachings of the cited patents and the Handbook of Chemistry and Physics would lead one skilled in the art to do what appellant has done. As was concluded by the tribunals below, appellant's selection of water with a particular pH value was not without suggestion in the prior art and his temperatures and lengths of time required for the washing cannot lend patentability to the claims in view of the suggestions in the Connally patent.

We think the Board of Appeals arrived at the right conclusion and its decision is affirmed.

Affirmed.

By reason of illness, GARRETT, Presiding Judge, was not present at the argument of this case and did not participate in the decision.